UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BURLIE SANFORD AND RILEY SANFORD,** | ) ) ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) No. 1:20-cv-210 SNLJ ) |
| **NEUTRON TRUCKING, LLC, et al.,** | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Burlie Sanford's motion to compel defendants Neutron Trucking LLC and Randy Scott Porter to respond to discovery and overrule the defendants' boilerplate objections. [#13.]

Plaintiff served 44 interrogatories and 105 document requests on the defendants. Defendants objected to 42 interrogatories and answered zero. Defendants further objected to 76 document requests and produced zero documents.

Plaintiff states that although plaintiff's counsel has requested a telephone conference to attempt to resolve these disputes, defendants' counsel did not respond. Defendants' counsel also did not respond to a detailed e-mail regarding the discovery disputes.

Defendants' interrogatory responses consist entirely of objections to relevance, overbreadth, and other boilerplate. Some objections involve allegations of privilege, but defendants fail to comply with Federal Rule of Civil Procedure 26(b)(5)(A)(ii), which

1

requires further information in the event privilege is claimed.  Defendants fail to answer any of the interrogatories.  In fact, defendants skipped answering or objecting to some interrogatories altogether.  Many of the objections they did make are patently frivolous.  For example, Interrogatory No. 2 to Neutron seeks the identity of defendants' "Safety Director/Chief Safety Officer," compliance officer, and defendant Porter's supervisor/manager on the date of the vehicle collision at the heart of this lawsuit.  Defendants' objection that the interrogatory is overly broad and irrelevant appears not to be in good faith.

      Defendants' responses to plaintiff's requests for production are similarly defective.  Although defendants identified responsive documents to some requests, defendants made blanket objections to others.  For Request No. 12, which requested a copy of defendant Porter's driver's license, Porter stated the documents would be made available for inspection at defendant's counsel's office in Springfield, Missouri, over 270 miles from the Courthouse.  It is unclear why these documents could not be sent electronically as the parties previously agreed.

      Critically, not only did defendants fail to respond to plaintiff's attempt to resolve this discovery dispute without this Court's intervention, but defendants also failed to respond at all to plaintiff's motion.  A response to the motion was due on January 19.  The parties are set to begin mediation on February 1, motions to amend the pleadings or add parties are due by March 15, and expert disclosures are due April 8.  Plaintiff seeks an order compelling defendants to respond immediately to the requests and overrule

defendants' objections. Plaintiff has set out in detail the deficiencies with defendants' responses. This Court will grant plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#13] is GRANTED.

**IT IS FURTHER ORDERED** that defendants' objections are overruled, and they shall respond reasonably and in full to the plaintiffs' requests no later than January 29, 2021.

Dated this __22nd__ day of January, 2021.

                                            STEPHEN N. LIMBAUGH, JR.
                                            SENIOR UNITED STATES DISTRICT JUDGE